1
2
3
4
5
6
7            UNITED STATES DISTRICT COURT
8               DISTRICT OF ARIZONA
9
10
11   MICHAEL JOSEPH WIEBER,              No. CV 11-00064-TUC-CKJ (BPV)
            Petitioner,
12      v.                              **REPORT AND**
                                        **RECOMMENDATION**
13   CHARLES L. RYAN,
14
            Respondent.
15
16

17          On January 20, 2011, Petitioner, Michael Joseph Wieber ("Petitioner"), an inmate

18   confined in the Arizona State Prison Complex, East Unit, in Florence, Arizona, filed a *pro*

19   *se* Petition for Writ of Habeas Corpus by a person in state custody ("Petition"), pursuant

20   to title 28, U.S.C. § 2254. (Doc. No. 1). Wieber raises nine Grounds for relief in the
21

22   Petition. On May 2, 2011, Respondents filed an Answer with Exhibits A through T, and

23   Reporters Transcripts attached. (Doc. No. 10). A reply was filed by Petitioner on June 2,

24   2011. (Doc. No. 11).

25
26
27
28

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition in its entirety.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

A.  Indictment, Trial and Sentencing

On April 26, 2004, Petitioner was arrested for the robbery of Harbor Freight Tools store in Tucson, Arizona. Petitioner was charged and convicted by a jury of armed robbery, two counts of kidnapping and aggravated assault. (Answer, Ex. A.). The trial court conducted a bench trial on the allegation of prior convictions, finding two prior convictions proven. Petitioner was sentenced to presumptive, enhanced, concurrent terms of imprisonment totaling 15.75 years. (Answer, Ex. A.).

B.  Direct Appeal

Wieber, through counsel, timely filed an appeal raising three arguments: 1) insufficient evidence supported his conviction on Count 2, kidnapping, because evidence of the physical restraint element was absent; 2) the State's allegation of prior convictions was not proven by sufficient evidence; and 3) he was denied his Sixth and Fourteenth Amendment right to a jury trial on the allegation of prior convictions. (Answer, Ex. B, Opening Brief.).  Simultaneously with his direct appeal, Wieber filed a notice of petition for post-conviction relief (PCR) pursuant to Rule 32 of the Arizona Rules of Criminal

Procedure, which was stayed pending the result of his direct appeal. (Answer, Ex. F).

On August 21, 2006, the Arizona court of appeals issued a memorandum decision finding: 1) the restraint element of the kidnapping element was proven, 2) Wieber had no Sixth Amendment right to a jury trial on his prior convictions, and (3) evidence of one prior conviction was insufficient. (Answer, Ex. C.). Accordingly, the appellate court affirmed Wieber's convictions but remanded for the trial court to clarify its sentencing order by determining if the court had relied on a defective prior conviction in sentencing Wieber. (*Id*.). Wieber did not petition the state supreme court for review and the mandate was issued on October 3, 2006. (Answer, Ex. E).  On remand, the trial court found six prior convictions proven, and it affirmed its previous sentencing order on January 8, 2007. (Answer, Ex. D). Petitioner did not file further appeal of this order. *See* (Answer, Ex. Q).

C.  First Petition for Post-Conviction Relief

On June 15, 2007, after remand, Wieber's counsel filed PCR asserting newly discovered evidence of juror misconduct. (Answer, Ex. H). The petition claimed that during jury selection at Wieber's trial, "a juror failed to answer honestly the material question of whether he knew the defendant." (*Id*. at 5.).  The trial court, on October 18, 2007, summarily dismissed the petition, finding: (1) the claim was precluded because it could have been raised at trial, Ariz. R. Crim. P. 32.2(a)(3); (2) the evidence did not qualify as "newly discovered"; (3) The Juror didn't answer falsely when he averred during voir dire that he did not know Wieber; and (4) Wieber failed to show prejudice. (Answer, Ex. I). Wieber filed a *pro se* motion on January 1, 2008 requesting a rehearing, arguing that contrary to Wieber's intention and instructions Rule 32 counsel filed a PCR petition

alleging newly discovered evidence under Rule 32.1(e) instead of a constitutional claim under Rule 32.1 (a). (Answer, Ex. J). On January 24, 2008, the trial court denied Wieber's motion for rehearing as untimely, noting that a constitutional claim alleged under Rule 32.1(a) would not have constituted an exception to Rule 32.1's timeliness requirement. (Answer, Ex. K). Wieber did not petition for review of this decision.

    D.   Second Petition for Post-Conviction Relief.

On March 10, 2008 Wieber filed a second notice of PCR alleging that in his first petition for PCR his Rule 32 counsel had failed to raise a claim of ineffective assistance of trial counsel. (Answer, Ex. L). The court granted Wieber a change of counsel, and new Rule 32 counsel filed a notice in lieu of petition averring counsel could find no good faith basis for PCR. (Answer, Ex. M). Wieber filed a *pro se* petition for PCR claiming ineffective assistance of Rule 32 counsel (Alex Haveri) for failure to allege the ineffective assistance of trial counsel (Eric Larsen) in Wieber's first PCR petition. (Answer, Ex. N). Wieber alleged trial counsel (Larsen) had been ineffective on numerous grounds, he alleged Rule 32 counsel (Haveri) had been ineffective for raising the juror misconduct as newly discovered evidence instead of a constitutional claim and he requested an evidentiary hearing. (Answer, Ex. N).

On June 10, 2009, the trial court summarily dismissed Wieber's *pro se* petition for PCR, finding Haveri's ineffectiveness was precluded under Rule 32.2(a)(2) as adjudicated on the merits in his prior PCR application and, alternatively,  Haveri's decision on what to include in the first PCR petition was a tactical decision and did not fall below a standard of reasonableness. (Answer, Ex. O).

On July 13, 2009, Wieber filed a petition for review in the Arizona court of appeals asserting (1) the trial court erred in not conducting an evidentiary hearing on Wieber's Rule 32 IAC claim, (2) Rule 32 counsel (Haveri) was ineffective for raising a single claim in the first Rule 32 petition under the wrong legal principle and against Wieber's explicit direction and consent and without investigating facts, and (3) the trial court abused its discretion by relying on facts outside the record. (Answer, Ex. P.). On November 20, 2009, the appellate court granted review but denied relief finding no abuse of discretion in the trial court's summary denial of relief. (Answer, Ex. Q). Wieber did not petition for review to the state supreme court, and the mandate was issued on January 20, 2010.

E.   Federal Habeas Petition

Wieber filed this petition for writ of habeas corpus in District Court on January 20, 2011. (Doc. No. 1). Petitioner raises nine grounds for relief. However, it is unnecessary to discuss the merits of each individual Ground because it is this Court's recommendation to dismiss for untimeliness.

**II.    DISCUSSION**

A.   Standard of Review

Because Wieber filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

B.   Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  28 U.S.C. §

2244(d)(1).

Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review [.]"  28 U.S.C. § 2244(d)(1)(A).

The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court.  *See* 28 U.S.C. § 2244(d)(2).  Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief.  28 U.S.C. § 2244(d)(2).

An application contemplated by section 2244(d)(2) is properly filed  "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  *Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (footnote omitted).  The United States Supreme Court has held that untimely state post-conviction petitions are not "properly filed" under AEDPA, and do not toll AEDPA's statute of limitations.  *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

The AEDPA's limitations period is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct.2549 (2010).  A petitioner is entitled to equitable tolling only upon a showing of (1) a diligent pursuit of petitioner's rights; and (2) extraordinary

circumstances that stood in petitioner's way, preventing timely filing. *Id.* (citing *Pace*, 544 U.S. at 418). Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.*; *see also, Miranda v. Castro,* 292 F.3d 1063, 1067 (9th Cir. 2002)(stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citations omitted); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). The extraordinary circumstances requirement is a "high hurdle," *see Calderon (Beeler)*, 128 F.3d at 1289, and policy considerations counsel against equitable tolling. *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

C.  Analysis

The Magistrate Judge finds that, pursuant to the AEDPA, the Petition filed in this Court is untimely. Wieber had until one year after his conviction and sentence became final to file his federal petition.

*1.  Limitation Period Under § 2244 (d) (1) (A)*

Petitioner's conviction and sentence became final on March 9, 2007, sixty (60)

days after the trial court, on remand from the Arizona Court of Appeals, affirmed its previous sentencing order on January 8, 2007, when the time for filing an appeal to the Arizona Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Burton v. Stewart*, 549 U.S 145, 156 (2007) (holding AEDPA's limitation period does "not become final until both [the] conviction and sentence" have become final); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001)(Judgment becomes final either by the conclusion of direct review by the highest court, including the United States Supreme Court, or by the expiration of the time to seek such review.);  Accordingly, Petitioner was required to file his petition for writ of habeas corpus within one year of the date his convictions became final, *i.e.*, one year from March 9, 2007, which was March 9, 2008, absent statutory tolling.

### 2.  *Statutory Tolling*

The limitations period was tolled immediately, however, by the pendency of Petitioner's petition for post conviction relief.  *See* 28 U.S.C. § 2244(d)(2).  There was no gap between the conclusion of direct review, and Wieber's properly filed notice of petition for post-conviction review.  *See Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054 (9th Cir. 2004)(State petition is "pending" within the meaning of 28 U.S.C. § 2244(d)(2) when properly filed notice of post-conviction relief is filed.).  Thus, the issue is not when direct review became final under § 2244(d)(1)(A), rather, this Court must determine how long Wieber's petition for post-conviction relief was "pending" for purposes of tolling the limitations period pursuant to § 2244(d)(2).

Statutory tolling continued through the conclusion of the first post-conviction proceeding that concluded on October 18, 2007, the date the trial court denied post-

conviction relief.  The next question is whether Wieber is entitled to any further statutory

tolling from October 19, 2007 when the limitations period began until the filing of his

present §2254 petition on January 20, 2011, a period of nearly three years.

### 3.  Motion for Rehearing

Wieber next filed a *pro se* motion for rehearing to the trial court. On January 24,

2008, the trial court denied the Wieber's motion as untimely. The motion was not properly

filed and does not toll the statute of limitations.

### 4.  Second Petition for Post-Conviction Relief

Wieber filed a second PCR notice on March 10, 2008 (Answer, Ex. L), but this

filing did not toll the statute of limitations because it was not properly filed. *See Pace*, 544

U.S. at 417 (holding that "[b]ecause the state court rejected petitioner's PCR petition as

untimely, it was not 'properly filed,' and he was not entitled to statutory tolling under §

2244(d)(2)").  In the order dismissing Wieber's second PCR proceeding, the court found

that the claims were untimely because the issue concerning juror misconduct had

previously been raised and litigated in his first PCR proceeding, and merely

recharacterizing it as ineffective assistance of counsel instead of newly discovered

evidence did not lend the claim any more merit[1]. (Answer, Ex. O). The Ninth Circuit has

held that when subsequent PCR applications are deemed untimely, the habeas court will

not construe the new petition as part of the first "full round" of collateral review, even if

---

[1] The State court's alternative ruling on the merits does not toll the statute of limitations for the purpose of the AEDPA. *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.")(*citing Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)).

DLA PIPER LLP (US)
PHOENIX

the second petition attempted to correct deficiencies in the first petition. *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (citing *Saffold*, 536 U.S, at 222). Accordingly, Wieber was entitled to statutory tolling up to the conclusion of his first PCR proceeding, which ended on October 18, 2007. He had one year from this date to file his §2254 petition, however, Wieber filed his present §2254 petition on January 20, 2011. It is the finding of this Court that the petition is untimely.

Even if the Court were to toll the statute of limitations during the pendency of Wieber's second PCR preceding the petition would still be untimely. Wieber's first PCR was denied on October 18, 2007, and, therefore, he had until October 20, 2008, to timely file his §2254 petition. Wieber filed the petition on January 20, 2011, 822 days after the conclusion of his first PCR motion. If the Court tolled the statute of limitations during the pendency of Wieber's second PCR motion that was filed on March 10, 2008, and the mandate issued on January 20, 2010, that would toll 681 days out of the needed 822 days. Even with all possible concessions in Petitioner's favor the §2254 petition is still 141 days over the statue of limitations.

## 5. *Equitable Tolling*

Petitioner argues equitable tolling is appropriate because the private prison facility where he was detained did not have an adequate prison library. (Doc. No. 11 P. 6). In some cases inadequate legal materials can be an "impediment" which justifies untimely filing, or can form a basis for equitable tolling. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). Petitioner argues that the Hinton, Oklahoma prison facility impeded his ability to timely file his §2254 petition because it was lacking Federal Reporters that

would allow Petitioner to look up relevant case law. (Doc. No. 11 P. 10). The Court finds the argument unpersuasive because Petitioner had access to the AEDPA statute and with the required diligence should have known of the one year statute of limitations period.

Petitioner also argues that since he is preceding *pro se*, lacks legal experience and has little education equitable tolling is appropriate. (Doc. No. 11 P. 6). However, Petitioner's lack of familiarity with the law or lack of legal assistance does not toll the statute of limitations. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding petitioner's inability to calculate the limitations period is not extraordinary circumstances that toll the statute.). "It is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fiser v. Johnson*, 174 F.3d 710, 714 (9th Cir. 1999). Petitioner has not met the "high hurdle" of demonstrating extraordinary circumstances that impeded his timely filing. Accordingly, this Court finds no cause to equitably toll the limitations

## III.   RECOMMENDATION

This Court recommends that the District Court, after its independent review of the record, DISMISS this action in its entirety as untimely.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed R. Civ.P. 72(b). If objections are filed the

parties should use the following case number **4:10-CV-00064-CKJ**

If objections are not timely filed, then the parties' rights to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir) (*en banc*), *cert. denied*, 540 U.S. 900 (2003).

Dated this 27th day of June, 2011.


Bernardo P. Velasco
United States Magistrate Judge