IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL JOSEPH WIEBER, )<br>            )<br>        Petitioner, )<br>            )<br>vs.         )<br>            )<br>CHARLES L. RYAN, )<br>            )<br>        Respondent. )<br>_____ ) | No. CIV 11-064-TUC-CKJ (BPV)<br><br>**ORDER** |

On June 28, 2011, Magistrate Judge Bernardo P. Velasco issued a Report and Recommendation [Doc. # 12] in which he recommended that the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Michael Joseph Wieber ("Wieber") on January 20, 2011, be dismissed. The magistrate judge advised the parties that written objections to the Report and Recommendation were to be filed within fourteen days of service of a copy of the Report and Recommendation pursuant to 28 U.S.C. § 636(b). No objections have been filed within the time provided.

*Report and Recommendation*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." The statute does not "require [] some lesser review by [this Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 149-50,

106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Rather, this Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Id*. at 149.

Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir.2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D.Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). In other words, if there is no objection to a magistrate judge's recommendation, then this Court may accept the recommendation without review. *See e.g., Johnstone*, 263 F.Supp.2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In this case, Wieber has not filed an objection to the magistrate judge's Report and Recommendation. Although Wieber has not filed an objection, the Court has independently reviewed the Report and Recommendation and adopts the recommended findings and conclusions. The Court will accept the Report and Recommendation and dismiss the Petition.

*Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. This Court must determine, therefore, if a COA shall issue.

- 2 -

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The magistrate judge determined, and this Court accepted, that the Petition is untimely under one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act. The magistrate judge further determined, and this Court accepted, that the Petition is not subject to statutory or equitable tolling. The Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. A COA shall not issue as to Wieber's claims.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation [Doc. # 12] is ADOPTED;
2. Wieber's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is DISMISSED;
3. The Clerk of the Court shall enter judgment and shall then close its file in this matter, and;.

1   4.   A Certificate of Appealability shall not issue in this case.

2   DATED this 6th day of September, 2011.

_____
Cindy K. Jorgenson
United States District Judge

- 4 -